**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

COLBY DICKERSON                                                                             PLAINTIFF

V.                              4:14CV00027 BSM/JTR

BOWEN, Deputy,
Faulkner County Sheriff's Office, et al.                              DEFENDANTS

## ORDER

Plaintiff, Colby Dickerson, is a pretrial detainee in the Faulkner County Detention Center. He has filed a *pro se* § 1983 Complaint and an Application to Proceed *In Forma Pauperis.*

### I. Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the**

**prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has not provided the Court with a prison calculation sheet specifying his average monthly deposits and average monthly balances. The Court must have this information to: (1) determine whether he is entitled to proceed *in forma pauperis;* and (2) assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (providing that the initial partial filing fee must be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account"). Accordingly, the Court will give Plaintiff thirty days to file a prison calculation sheet that has been completed by an authorized jail official.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff alleges that Defendants violated his constitutional rights by making him sleep on the floor and by denying him unspecified medical care. *Doc. 2.* The Court needs further information to complete § 1915A screening.

Therefore, Plaintiff has thirty days to file an Amended Complaint clarifying: (1) how long he slept on the floor, whether he had a mattress and/or blanket, and how he was harmed by sleeping on the floor; (2) what medical condition he sought treatment for, and how the provided care was inadequate; and (3) how Defendants Bowen, Huffman, Lasker, and Randall *each* personally participated in *each* constitutional violation.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff a prison calculation sheet.

2. Plaintiff must, **within thirty days of the entry of this Order**, file his properly completed prison calculation sheet.

3. Plaintiff must, **within thirty days of the entry of this Order**, file an Amended Complaint containing the specified information.

4. Plaintiff is reminded that if he fails to time and properly comply with any portion of this Order, this case will in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 17th day of January, 2014.

                                                */s/ J. Thomas Ray*
                                       UNITED STATES MAGISTRATE JUDGE